The opinion of the court of appeals was delivered by
GREEN, C. J.
The injunction was issued in this cause upon the filing of the complainants’ bill by one of the masters, without notice to the defendants. Upon the coming in of the answer, an order was made dissolving the injunction.' From that order the complainants have appealed.
It is-conceded by counsel, that the simple inquiry for this court is whether the equity of the bill is fully met and denied by the answer ? If it is, then, by the well settled rules of the court of equity the injunction was properly dissolved, and the order of the chancellor must be affirmed.
The gravamen of the complainants’ bill consists mainly in the charge, of fraud in the organization of the Warren Railroad Company, and in the preparation and filing of the survey of their route. The Warren Railroad Company, it is alleged, was organized, and the survey of their route made and filed, without the means or intention of constructing a road; but mala fide for the purpose of anticipating and thwarting the operations of the • defendants.
*649 This charge is fully met and expressly denied by the defendants’ answer. It is clearly set forth in the answer, in terms that admit of no.equivocation, that the organization of the Warren Railroad Company was completed, their survey .made and filed, and-.the work entered upon in good faith for the purpose of constructing their road under the authority of their charter, upon the route thereby authorized. That the organization of the Warren road was irregularly or informally made, that it’ was made in great haste, for the express purpose of gaining a priority over, the complainants, are immaterial charges, except so far as they tend to support the charge of fraud. The existence of the Warren Railroad •Company de facto, cannot, it is admitted, be denied or called in question upon this investigation. So far as the charges of fraud are concerned, the equity of the bill is fully denied by the answer. '
Independent of the charge of fraud, the complainants show no prior legal or equitable title over the defendants which ■entitle them to the aid of a court of equity. It would not be in accordance with the practice of a court of equity, upon a more injunction bill, to investigate and decide the legal title of these parties, under their respective charters, to the route in question. ■ '■ ’ • ' ■
Upon the grounds clearly expressed in the opinion of the master, in compliance with which the order dissolving the injunction was made, the order should be affirmed, with ■costs.
Decree accordingly.
Decree affirmed unanimously.